IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TODD HENRY COLE,

    Plaintiff,

v.                                                                                              Civ. No. 14-01167 SCY

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE OR REMAND

**THIS MATTER** is before the Court on Plaintiff Todd Henry Cole's Motion to Reverse and Remand the Social Security Commissioner's final decision denying Plaintiff disability insurance benefits. ECF No. 22. Because neither the residual functional capacity nor the hypothetical the Administrative Law Judge ("ALJ") posed to the Vocational Expert ("VE") considered all of Plaintiff's mental limitations, the Court will GRANT Plaintiff's motion and remand this action to the Commissioner for further proceedings consistent with this opinion.

### I.     BACKGROUND

**A. Medical History**

Plaintiff is a forty-five year old man who filed an application for disability insurance benefits claiming that he was unable to work due to attention deficit hyperactivity disorder ("ADHD"), obsessive-compulsive disorder ("OCD"), anxiety, mood swings, depression, high blood pressure, occasional seizures, chronic back pain, obstructive sleep apnea, obesity hypoventilation syndrome, and narcolepsy. ECF No. 22 at 1; Administrative Record (AR) 65. Only Plaintiff's mental health records, however, are relevant for purposes of this Order. Those

records begin with Plaintiff's treating psychiatrist, Dr. E.B. Hall, M.D.  AR 269-92, 306-12.

While the parties dispute the weight that should be given to Dr. Hall's opinions, they do not dispute what opinions Dr. Hall provided as Plaintiff's treating psychiatrist.  Dr. Hall diagnosed Plaintiff with anxiety, ADHD, PTSD, and depression.  AR 307, 311.  Over the more than two year period that Dr. Hall treated Plaintiff, he prescribed Plaintiff medication to manage these issues. AR 271, 273, 277-78, 280, 282, 284-85.  On March 13, 2012, Dr. Hall completed a Medical Source Statement form on which he checked boxes noting, among other mental limitations, that Plaintiff was unable to meet competitive standards in completing a normal workday and workweek without interruptions from psychologically based symptoms. AR 309. Dr. Hall further found that Plaintiff was seriously limited in (1) remembering work-like procedures; (2) understanding and remembering very short and simple instructions; (3) carrying out very short and simple instructions; (4) sustaining an ordinary routine without special supervision; and (5) maintaining regular attendance and being punctual within customary, usually strict tolerances. AR 309.  Dr. Hall further wrote in narrative form that Plaintiff had serious problems with concentration and comprehension. AR 309.  Finally, he checked boxes indicating that Plaintiff had an "anxiety related disorder and complete inability to function independently outside the area of one's home" and was markedly limited in activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace.  AR 311.

Approximately a week after Dr. Hall completed this form, Dr. Donald Gucker, Ph.D., a non-examining psychologist, completed a Mental RFC Assessment Form. AR 84-88.  Although Dr. Gucker determined that Plaintiff was not disabled (AR 88), he found him to be moderately limited in his ability to (1) carry out detailed instructions; (2) maintain attention and

concentration for extended periods; (3) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (4) sustain an ordinary routine without special supervision; (5) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. AR 84-85.  He also determined that he should be limited to unskilled work. AR 87.

Plaintiff also had a consultative psychiatric examination on September 21, 2011, performed by Dr. Michael P. Emery, Ph.D. AR 296-300.  Dr. Emery diagnosed Plaintiff with ADHD, OCD, panic disorder, dysthymia, and hypertension. AR 299.  He noted, however, that Plaintiff is able to clean, walk the dog, and meticulously care for the yard. AR 297.[1]

### B. Procedural History

Plaintiff filed his application for disability insurance benefits and supplemental security income on July 7, 2011, alleging disability beginning July 1, 2011. AR 15. After Plaintiff's claim was denied at the initial levels, Plaintiff's case was set for a hearing on January 10, 2013, in front of Administrative Law Judge (ALJ) Ben Willner. AR 15. On June 6, 2013, the ALJ issued his decision finding Plaintiff not disabled.  AR 27.  This appeal followed.

## II.  APPLICABLE LAW

### A. Disability Determination Process

A claimant is considered disabled for purposes of Social Security disability insurance

---

[1] On October 2, 2013, after the ALJ issued his June 6, 2013 decision, Dr. Kenneth Bull, M.D., completed a Medical Assessment of Ability to do Work-Related Activities form. AR 405-10.  Because the Court determines that the ALJ committed reversible error in failing to fully address Dr. Gucker's opinions, the Court does not consider Dr. Bull's opinion, which will now be before the ALJ on remand.

benefits if that individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Commissioner has adopted a five-step sequential analysis to determine whether a person satisfies these statutory criteria. *See* 20 C.F.R. § 404.1520. The steps of the analysis are as follows:

(1) Claimant must establish that she is not currently engaged in "substantial gainful activity." If claimant is so engaged, she is not disabled and the analysis stops.

(2) Claimant must establish that she has "a severe medically determinable physical or mental impairment . . . or combination of impairments" that has lasted for at least one year. If claimant is not so impaired, she is not disabled and the analysis stops.

(3) If claimant can establish that her impairment(s) are equivalent to a listed impairment that has already been determined to preclude substantial gainful activity, claimant is presumed disabled and the analysis stops.

(4) If, however, claimant's impairment(s) are not equivalent to a listed impairment, claimant must establish that the impairment(s) prevent her from doing her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. § 404.1545(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* § 404.1545(a)(3). Second, the ALJ determines the physical and mental demands of claimant's past work. Third, the ALJ determines whether, given claimant's RFC, claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled and the analysis stops.

(5) At this point, the burden shifts to the Commissioner to show that claimant is able to "make an adjustment to other work." If the Commissioner is unable to make that showing, claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 1520(a)(4); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

### B. Standard of Review

A court must affirm the denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 800-01 (10th Cir. 1991).  In making these determinations, the reviewing court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). For example, a court's disagreement with a decision is immaterial to the substantial evidence analysis. A decision is supported by substantial evidence as long as it is supported by "relevant evidence . . . a reasonable mind might accept as adequate to support [the] conclusion." *Casias*, 933 F.3d at 800. While this requires more than a mere scintilla of evidence, *Casias*, 933 F.3d at 800, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

Similarly, even if a court agrees with a decision to deny benefits, if the ALJ's reasons for the decision are improper or are not articulated with sufficient particularity to allow for judicial review, the court cannot affirm the decision as legally correct. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). As a baseline, the ALJ must support his or her findings with specific weighing of the evidence and "the record must demonstrate that the ALJ considered all of the evidence." *Id.* at 1009-10. This does not mean that an ALJ must discuss every piece of evidence in the record. But, it does require that the ALJ identify the evidence supporting the decision and discuss any probative and contradictory evidence that the ALJ is rejecting. *Id.* at 1010.

### III.   ANALYSIS

Plaintiff challenges the ALJ's decision on a number of fronts. Plaintiff first argues that the ALJ erred by failing to give appropriate consideration to the medical opinions of his treating psychiatrist, Dr. Hall. ECF No. 22 at 2.  Next, he argues that the Appeals Council failed to properly analyze the medical opinion of treating psychiatrist Dr. Bull. *Id*.  Third, he argues that the ALJ impermissibly picked and chose from the medical opinion of non-examining psychologist Dr. Gucker only those parts favorable to a finding of nondisability. *Id*.  Finally, Plaintiff argues that the ALJ's RFC determination is deficient because he failed to express his RFC in terms of work-related mental activities (which also caused him to provide the VE a deficient hypothetical). *Id*. at 2, 23.  Because the Court agrees that Dr. Gucker found certain mental limitations that the ALJ errantly failed to incorporate into his RFC determination and his hypothetical to the VE, the Court will grant Plaintiff's motion without addressing his remaining arguments.

> In his RFC, the ALJ found that Plaintiff has
>
> the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except: he is restricted to work involving simple and repetitive tasks, his work should be confined to working with things rather than people, and he is able to maintain concentration, persistence or pace for approximately two hours at a time before taking a normally scheduled break, and then returning to work.

AR 20.  Even assuming the ALJ appropriately gave "restricted weight" to Dr. Hall and, therefore, need not have addressed all of Dr. Hall's opinions regarding Plaintiff's mental limitations, the ALJ gave "substantial weight" to the opinion of Dr. Gucker and was obligated to address the opinions about Plaintiff's mental limitations that Dr. Gucker provided. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (reversing district court because "ALJ should have explained why he rejected four of the moderate restrictions on Dr. Rawlings' RFC assessment while appearing to adopt the others. An ALJ is not entitled to pick and choose through an

uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.").

As in *Haga*, the ALJ here did address some of the moderate limitations at issue. For instance, by limiting Plaintiff to working with things rather than people, he addressed Dr. Gucker's assessment that Plaintiff was moderately limited with regard to working in coordination with or in proximity to others, and with interacting appropriately with the general public. But, as in *Haga,* the ALJ left other moderate mental health limitations unaddressed. For instance, Dr. Gucker determined that Plaintiff was moderately limited (1) in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (2) in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods;[2] and (3) in sustaining an ordinary routine without special supervision. Despite giving Dr. Gucker's opinion substantial weight, however, the ALJ did not include these limitations in his RFC or in his hypothetical to the vocational expert. As a result, *Haga* requires remand. *See also, Chapo v. Astrue*, 682 F.3d 1285, 1287, 1290 n.3, 1292 (10th Cir. 2012) (hypothetical to the vocational expert was "fatally defective" due, in part, to the ALJ's failure to include its own finding that the claimant be restricted to "simple, unskilled work at best."); *Jaramillo v. Colvin*, 576 Fed. App'x. 870 (10th Cir. 2014) (unpublished) (remand required as result of failure to include in hypothetical to VE moderate limitation in carrying out instructions, attending and concentrating, and working without

---

[2] Although this Order does not address the propriety of the ALJ's decision to restrict the weight of Dr. Hall's opinions, it is worth noting that Dr. Hall, Plaintiff's treating psychiatrist, found that Plaintiff was unable to meet competitive standards in completing a normal workday and workweek without interruptions from psychologically based symptoms.

supervision).

This conclusion that *Haga* requires remand is reinforced by another case the Tenth Circuit decided the same year—*Frantz v. Astrue*. In *Frantz*, the Tenth Circuit reversed the district court and ordered remand because "the ALJ erred in accepting some of the moderate limitations in the Mental RFC form completed by Dr. Garnand, a nonexamining physician, but rejecting others without discussion." *Frantz v. Astrue*, 509 F.3d 1299, 1302-03 (10th Cir. 2007). Importantly, *Frantz* involved an ALJ's failure to consider the same moderate limitation unaddressed in the present case: claimant's "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances." *Id*. at 1304. Thus, *Frantz* also requires remand.

The Tenth Circuit case Defendant cites—*Vigil v. Colvin*—does not undermine this result. In *Vigil*, an ALJ found at step three that the claimant had moderate difficulties in concentration, persistence, and pace in social functioning. *Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015). The Tenth Circuit noted that "*[t]he ALJ's* finding of a moderate limitation in concentration, persistence, or pace at step three does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment." *Id*. at 1203 (emphasis added). An ALJ's finding of moderate limitations at step three, however, has an effect that is different from that of a psychologist listing moderate limitations on a Mental RFC Assessment Form. First, an ALJ is not a doctor and so the ALJ's finding of moderate limitations is not equivalent to a doctor's findings of moderate limitations, which an ALJ generally must discuss. While "an ALJ does not have to discuss every piece of evidence, *see Clifton,* 79 F.3d at 1009–10, he or she is required to discuss the uncontroverted evidence not relied upon and significantly probative evidence that is rejected, *id.* at 1010." *Frantz*, 509 F.3d at 1299. Second, an ALJ's findings at

8

step three are not geared toward determining a claimant's residual functional capacity, whereas a Mental RFC Assessment Form is.

Furthermore, as the court recognized in *Vigil*, while cases exist in which an ALJ's limitation to unskilled work adequately addresses a claimant's mental limitations, there are also cases where it does not.  *Vigil*, 805 F.3d at 1204; *see also Jaramillo*, 576 F.App'x at 872 (mild limitation in ability to concentrate and persist at simple work tasks adequately addressed by limitation to unskilled work but limitation to unskilled work did not adequately address moderate limitations in ability to carry out instructions, attend and concentrate, and work without supervision).  Unlike moderate limitations with concentration, persistence and pace that an ALJ assessed at step 3, which can be accounted for by a limitation to unskilled work (as determined in *Vigil)*, psychologist assessed moderate limitations in carrying out detailed instructions, performing activities within a schedule, maintaining regular attendance, sustaining an ordinary routine without special supervision, completing a normal workweek without interruptions from psychologically based symptoms (moderate limitations Dr. Gucker found) are not accounted for by a limitation to unskilled work.  Thus, *Haga* and *Frantz*, rather than *Vigil*, control the outcome of the present case.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reverse and Remand (ECF NO. 22) is GRANTED. The Social Security Commissioner's denial of Plaintiff's claim for disability benefits is reversed and the case is remanded for further proceedings consistent with this opinion.

_____
UNITED STATES MAGISTRATE JUDGE
Sitting by Consent